# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EVEREST NATIONAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> INNOVATIVE HEIGHTS FAIRVIEW HEIGHTS, LLC, *d/b/a* Sky Zone, <br><br> Defendant. | Case No. 19-900 JPG/GCS |

## **MEMORANDUM AND ORDER**

In light of Seventh Circuit Court of Appeals admonitions, *see Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it"). The Court has noted the following defects in the jurisdictional allegations of the Complaint (Doc. 1) filed by plaintiff Everest National Insurance Company:

> **Failure to allege the citizenship of each member of an unincorporated association.** To determine if complete diversity exists, the Court must examine the citizenship of each member of **a partnership, whether limited or general members / an unincorporated association/ a limited liability company**. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003) (partnerships and limited liability companies are citizens of every state of which any member is a citizen); *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998). The relevant pleading must affirmatively allege the specific states of citizenship of each member of the **partnership/ association/ limited liability company**.

Plaintiff states upon information and belief, Defendant IHFH is a limited liability company that is organized under the laws of the State of Illinois with its principal place of

business in Missouri but does not allege the citizenship of each member of the LLC.

The Court hereby **ORDERS** plaintiff Everest National Insurance Company shall have up to and including September 11, 2019 to amend the faulty pleading to correct the jurisdictional defect.  *See* 28 U.S.C. § 1653.  Failure to cure the noted defect will result in dismissal of this case for lack of subject matter jurisdiction.  Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order.  Plaintiffs are directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED: August 22, 2019**

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**